Croskey & Edwards, by Ralph S. Croskey, all of Philadelphia, Pa., for plaintiff.

Morgan Lewis & Bockius, by Thomas B. K. Ringe, all of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

This is an application for a preliminary injunction restraining the Brill Corporation, one of the defendants above named, from holding a special meeting of its stockholders fixed for July 26, 1944, and further to restrain the Brill Corporation and the American Car and Foundry Motors Company from completing a contemplated merger until after the trial of the issues raised by a Bill in Equity filed January 25, 1943. Upon consideration of the pleadings, testimony and the arguments of counsel I make the following:

Findings of Fact

1. Plaintiff, Elwood P. McEnany, a New York citizen, owns 200 shares of the Class "A" stock of The Brill Corporation.

2. Kate L. German, intervening plaintiff, is the owner of 18 shares of the Preferred stock of The Brill Corporation.

3. Intervening plaintiff J. K. Ruckdeschel owns 392 Preferred shares, 85 Class "A" shares and 22 Class "B" shares.

4. Intervening plaintiff A. B. Ruckdeschel owns 528⅓ Preferred shares, 5 Class "A" shares and 148 Class "B" shares.

5. Stockholders represented by Thomas C. Egan, Esq., own 400 Preferred shares.

6. The plaintiff McEnany and intervening plaintiff, German alone ask for the preliminary injunction here sought. Together they own 18 shares of Preferred and 200 shares of Class "A" stock. The other stockholders, together owning 1318⅓ shares of Preferred, 90 shares of Class "A," and 170 shares of Class "B," stated of record that they do not desire a preliminary injunction.

7. The plaintiff McEnany and intervening plaintiff German praying for a preliminary injunction have been stockholders of record in The Brill Corporation from 1926 to date.

8. The matter in controversy exceeds in amount $3,000, and is between citizens of different states.

9. The defendants in this action are: American Car and Foundry Company, hereinafter called "Foundry Company," a corporation duly incorporated under the laws of the State of New Jersey; American Car and Foundry Investment Corporation, hereinafter called "Investment Company," a corporation duly incorporated under the laws of the State of Delaware (not served and not before the Court); The Brill Corporation, hereinafter called "Holding Corporation," a corporation duly incorporated under the laws of the State of Delaware; The J. C. Brill Company, hereinafter called "Brill Company," a corporation duly incorporated under the laws of the Commonwealth of Pennsylvania; American Car and Foundry Motors Company, hereinafter called "Motors Company," a corporation duly incorporated under the laws of the State of Delaware.

10. The capital stock of Brill Company consists of the following:

| Kind of Stock | Par | Authorized | Issued |
|---|---|---|---|
| Preferred | 100 | 50,000 | 45,800 |
| Common | 100 | 50,000 | 48,102 |

11. The capital stock of Motors Company consists of the following:

| Kind of Stock | Par | Authorized | Issued |
|---|---|---|---|
| Preferred | 100 | 100,000 | 43,517.79 |
| Common | None | 300,000 | 287,713–13/21 |

12. The capital stock of Holding Corporation consists of the following:

| Kind of Stock | Par | Authorized | Issued |
|---|---|---|---|
| Preferred | 100 | 85,000 | 37,184 |
| Common: | | | |
| Class A | None | 225,000 | 217,288 |
| Class B | None | 400,000 | 400,000 |

13. Holding Corporation owns stock in Brill Company and Motors Company as follows:

Holding Corporation

| Corporation | Kind of Stock | Total Issued | Owns | Does Not Own |
|---|---|---|---|---|
| Brill Company | Pfd. | 45,800 | 45,719 | 81 |
| | Com. | 48,102 | 48,002 | 100 |
| Motors Company | Pfd. | 43,517.79 | 24,097 | 10,420.79 |
| | Com. | 287,713–13/21 | 200,000 | 87,713–13/21 |

14. Defendant Brill Company has for some time heretofore owned and now owns a property consisting of a large plant at 62nd Street and Woodland Avenue, Philadelphia, Pennsylvania, covering about 28 acres of ground and 731,500 square feet of buildings. It has for many years been engaged in the manufacture of trolley coaches, trolley cars, and accessories therefor. It now is also the manufacturer of the motor coaches known as "A.C.F." motor coaches. Its business is transacted and its chief place of business is in the City of Philadelphia, Commonwealth of Pennsylvania. It has been for many years and now is a solid and solvent going concern.

15. American Car and Foundry Company owns all the stock of American Car and Foundry Investment Corporation (formerly known as American Car and Foundry Securities Corporation), which in turn owns the voting control of the Brill Corporation.

The Brill Corporation owns the voting control of two companies, The J. G. Brill Company and the American Car and Foundry Motors Company.

This latter company, the American Car and Foundry Motors Company, owns voting control of three subsidiary companies, the "A.C.F." Motors Company, Hall-Scott Motor Car Company, and Fageol Motors Company of Ohio. The Fageol Motors Company of Ohio in turn owns all the stock of The Fageol Company.

16. On January 8, 1926, Brill Company made an offer to its shareholders with respect to the exchange of its stock for the stock of Holding Corporation as stated in Paragraph 12 of Plaintiff McEnany's Request for Findings of Fact.

17. As a result of this offer Holding Corporation paid to the shareholders of Brill Company cash for certain of its stock as set forth in Paragraph 14 of Plaintiff McEnany's Request for Findings of Fact.

18. At or about this time Holding Corporation sold to American Car and Foundry Company, or its controlled subsidiary, American Car and Foundry Investment Corporation, the following quantities of its stock at the prices below stated:

| | |
|---|---|
| 150,000 Shs. Class "A" @ $47.50 | $7,125,000.00 |
| 353,672 Shs. Class "B" @ 2.833 | 1,002,000.00 |
| | $8,127,000.00 |

19. It is contended by plaintiffs and denied by defendants that at or about this time Foundry Company caused certain credits to be entered on its books, and corresponding debits on the books of Motors Company to an amount in excess of $6,000,000, by virtue whereof it was able to absorb by means of interest charges any profits which might have been made and not otherwise absorbed by certain inter company adjustments, the exact nature of which are not known to plaintiff.

20. It is further contended by plaintiff and denied by defendants that at least fifty per cent of this item of $6,000,000 is fiction—amounting to mere book entries for which no consideration passed—and that that debt to this extent is nonexistent.

21. As of June 26, 1944, Holding Corporation and Motors Company mailed to at least the shareholders of Holding Corporation Exhibits 5 to 9, both inclusive. These papers consisted of:

Exhibit 5—Circular with respect to merger of these corporations.

Exhibit 6—Notice of special meeting of shareholders of Holding Corporation (including copy of actual plan).

Exhibit 7—Notice of annual meeting, same corporation.

Exhibit 8—Proxy.

Exhibit 9—Card requesting returns of Proxy.

22. The documents propose a merger of the two corporations as set forth in Paragraph 20 of Plaintiff McEnany's Request for Findings of Fact.

23. At the same time the so-called indebtedness in the sum of $5,901,064 of Motors Company to Foundry Company is to be paid in full as follows:

| | |
|---|---|
| Cash | $ 912,984.00 |
| Debentures | 1,989,380.00 |
| 314,000 Shs. common stock @ $9.55 (book value) | 2,998,700.00 |
| | $5,901,064.00 |

24. The officers and directors of these various corporations interlock.

25. The plaintiff and said intervening plaintiff, in their motion for a preliminary injunction and in the affidavits filed in support thereof, contend that the injunction should be entered so that they will have an opportunity to try the issues raised in the Bill of Complaint filed in this action in January of 1943, wherein the principal allegations are:

(a) That the defendants caused the stock of The Brill Corporation to be distributed so that certain of the said stock was delivered to the American Car and Foundry Company (one of the defendants) and its wholly owned subsidiary, the American Car and Foundry Investment Corporation (or its predecessor) at prices much less than the amount at which stock of the same class was delivered to stockholders of The J. G. Brill Company at the time of the formation of The Brill Corporation, when the stockholders of The J. G. Brill Corporation were invited to participate in the said formation and to take stock therein; and

(b) That the defendants caused certain loans and credits to be placed upon the books of the American Car and Foundry Company and its wholly owned subsidiary, the American Car and Foundary Investment Corporation, and the American Car and Foundry Motors Company, so that there now appears an indebtedness in the amount of approximately $6,000,000 owing by the American Car and Foundry Motors Company and its wholly owned subsidiary, the American Car and Foundry Investment Corporation; and that both the said distribution of stock and the said creation of indebtedness as allegedly described was fraudulent.

26. The defendants filed an Answer, wherein they denied the facts as stated and denied any fraud, thus raising the issue with respect thereto, in September, 1943.

27. The plaintiff ordered the case upon the trial list in November, 1943.

28. The case was listed for trial just following the death of Noah A. Stancliffe, Esquire, principal counsel for certain of the defendants, for which reason the case was continued upon motion of the defendants. The case later appeared upon the list for preliminary call in May, 1944, at which time it was answered trial by both the plaintiff and defendants and ordered placed upon the list for trial. The day upon which it was fixed was in conflict with other trial engagements for counsel for the defendants, following which counsel for the plaintiff and counsel for the defendants agreed that counsel for defendants might request of the District Court Judge having jurisdiction of the trial list a continuance until the fall. Pursuant to this agreement, application for a continuance was made and granted, and the trial of the case continued until the fall. At that time, David L. German, Jr., Esquire, reserved the right to take such action as he might see fit in the event that the "contemplated plan of reorganization now in the course of preparation" were submitted to the stockholders prior to the trial of the said case.

29. Since the institution of this suit all parties have been aware that a plan of reorganization or merger of certain of the defendant corporations has been in the course of preparation. Prior to the last listing of this case for preliminary call, the stockholders of The Brill Corporation received a letter from the President of the Corporation advising them that the Annual Meeting scheduled for May would be continued until July 27th, so that a plan of merger might be completed and submitted to the stockholders at a special meeting prior to that date, i. e. prior to July 27, 1944.

30. On June 26, 1944, The Brill Corporation and the American Car and Foundry Motors Company stockholders were given notice of the approval of a plan of merger under which the defendant, American Car and Foundry Motors Company, a Delaware Corporation, would be merged into The Brill Corporation, also a Delaware corporation, and that the name of The Brill Corporation would be changed to A.C.F.—Brill Motors Company, which had been approved by the Boards of Directors of the respective companies, and that special stockholders' meetings of the two corporations would be held on July 26, 1944, for the purpose of obtaining stockholder approval to the said plan of merger.

31. Although having received the several notices, as aforesaid, neither the plaintiff nor the intervening plaintiff filed their motions for a preliminary injunction until July 13, 1944, thirteen days before the date scheduled for the said special meetings, the holding of which they seek to enjoin.

32. The Plan under which the stockholders of The J. G. Brill Company were afforded an opportunity to become stockholders of The Brill Corporation and under which the American Car and Foundry Company and the American Car and Foundry Securities Company (predecessor of the American Car and Foundry Investment Corporation) were to underwrite the said Plan under which The Brill Corporation was to be formed and were to become stockholders therein, was fully described in

a letter addressed to the stockholders in The J. G. Brill Company, on January 8, 1926, and thereafter fully explained in a letter addressed to the stockholders of The Brill Corporation by the then President of The Brill Corporation, W. H. Woodin, dated May 8, 1931.

33. The plaintiff and intervening plaintiff have not in their Bill, Petitions, Motions or Affidavits alleged that the proposed Plan of Merger is unfair. Plaintiff and intervening plaintiff, however, at the hearing held on Motion for Preliminary Injunction contended that the proposed Plan of Merger is unfair.

34. The enjoining of the holding of the said special meetings will result in substantial monetary loss to the corporations involved.

35. Of the 35,866 shares of preferred stock of Motors Company entitled to vote only 200 are controlled by the defendants.

36. By supplemental brief filed July 24, 1944, counsel for the defendants has advised the court that proxies for more than 75% of the outstanding shares have been received by the management of the Holding Corporation and that it also holds proxies for more than 60% of the Class "A" shares and 66⅔% of the Class "B" shares; also that Foundry Motors stockholders have thus far sent in proxies favoring the merger for 92.34% of the Preferred Stock and 93.61% of the Common Stock.

### Discussion

In support of their application for a preliminary injunction the plaintiff McEnany and the intervening plaintiff, German, urge

(a) That the voting control of The Brill Corporation has been unlawfully secured by American Car and Foundry Company;

(b) That a book loan of $5,901,063.89 alleged to be due by American Car and Foundry Motors Company to American Car and Foundry Company, or its wholly owned and absolutely controlled subsidiary, American Car and Foundry Investment Corporation, is fictitious;

(c) That irreparable harm will be done to plaintiff and the remaining preferred and common "A" shareholders of The Brill Corporation if a contemplated merger be consummated without an inquiry into the facts concerning the acquisition of said voting control of The Brill Corporation by American Car and Foundry Company and an adjudication thereon, and a similar inquiry into the facts concerning the cre-

ation and the bona fides of the alleged loan of $5,901,063.89 and an adjudication thereon prior to the said contemplated merger.

The defendants in denying the charges of the plaintiffs further urge that in having failed to complain of the transactions relating to the distribution of the funds of the Holding Corporation until January, 1943, when the Bill in Equity was filed, the plaintiff is precluded from any relief; and that the plaintiff has presented no testimony in support of his contentions of fraud.

Further the defendants urge that the proposed merger of the two corporations will of necessity be under the provisions of the law of Delaware, which provide:

(a) an adequate remedy of law under the provisions of Section 61 of the Delaware Corporation Law, Rev.Code Del.1935, § 2093, as amended by 44 Del.Laws, c. 125, § 6, affording a course of procedure under which objection may be made to the merger and the stock appraised; and

(b) that the plaintiff and intervening plaintiff cannot be harmed as a result of the said merger in that the provisions of Section 62 of the Delaware Corporation Law (section 2094) provide that any pending proceeding may be prosecuted to judgment as if the merger had not taken place, or the corporation resulting from the said merger may be substituted in place of any predecessor corporation.

■ In my opinion the application for the temporary injunction must be denied on the ground that the plaintiff has failed to make a showing of any irreparable injury.

Prompt disposition of the matter in view of the fact that the special meeting sought to be restrained is fixed for July 26th (tomorrow), precludes an exhaustive discussion.

■ In my opinion ample remedy is available to the plaintiff under the provisions of Section 61 and Section 62 of the Delaware Corporation Laws.

It must be kept in mind that the plaintiff is a stockholder of the Holding Corporation and not of the Motors Company. A different situation would confront the court if the plaintiff were a stockholder of the Motors Company. Stockholders of the Motors Company could properly urge that they would suffer irreparable injury if a merger was consummated on the basis that Motors Company had an outstanding

**8.**

liability of $6,000,000 when in fact a considerable portion of such an asserted liability would not exist. They could properly complain that they were entitled to a more generous allowance in a merger if the liability of their company was, say $3,000,000 instead of $6,000,000.

However, no complaint has been made by any of the stockholders of the Motors Company despite the fact that the Bill in Equity has been pending for more than one and a half years.

In fact in the event the plaintiff here is successful in his original complaint the reorganized corporation in which he will be a stockholder will profit to whatever extent the alleged $6,000,000 liability of Motors Company to Foundry Company is found to be non-existent.

As stated, the plaintiff will be able to continue the pending proceeding under the provision of Section 62 of the Delaware Corporation Laws.

In consonance with the above I state the following

### Conclusions of Law.

1. The plaintiff McEnany and the intervening plaintiff, German, have failed to establish that irreparable harm will result from the holding of the special meetings they seek to enjoin.

2. The plaintiff McEnany and the intervening plaintiff, German, are adequately protected from injury by the provisions of Sections 61 and 62 of the Delaware Corporation Laws.

3. The motion for a preliminary injunction must be and is hereby denied.